UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-7506-VBF(CTx)**                                   Dated: **December 8, 2009**

Title:   Product Partners, LLC -v- Dana Alton, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                         None Present

**PROCEEDINGS (IN CHAMBERS):**         **COURT ORDER RE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND TO QUASH SERVICE OF PROCESS [dkt. #12]**

The Court has received Defendant Dana Alton's Motion to Dismiss for Lack of Personal Jurisdiction and to Quash Service of Process, filed on December 2, 2009 (dkt. #12). The Court DENIES WITHOUT PREJUDICE Defendant's Motion as procedurally deficient on three grounds.

First, Defendant failed to provide a Notice of Motion, as required by Local Rule 7-5, entitled "Moving Papers," which provides, in relevant part: "There shall be served and filed *with the notice of motion . . .*" (emphasis added). Under Local Rule 7-4, "[t]he notice of motion shall contain a concise statement of the relief or Court action the movant seeks."

MINUTES FORM 90                                                          Initials of Deputy Clerk   rs
CIVIL - GEN

Second, Defendant fails to demonstrate compliance with Local Rule 7-3, entitled "Conference of Counsel Prior to Filing of Motions," which provides, in relevant part:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F. R. Civ. P. must be filed within a specified period of time (*e.g.*, a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), *then this conference shall take place at least five (5) days prior to the last day for filing the motion*; otherwise, the conference shall take place at least twenty (20) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

*See* L.R. 7-3 (some emphasis added).

Defendant's Motion fails to indicate compliance with the meet-and-confer requirement of L.R. 7-3.

Third, Defendant did not include the date and time of the motion hearing. Local Rule 7-4 requires that "[o]n the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed."

For the reasons set herein, the Court DENIES WITHOUT PREJUDICE Defendant's Motion as procedurally deficient.