```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                       CIVIL MINUTES -- GENERAL
```

Case No.  **CV 09-7506-VBF(CTx)**                    Dated: **October 29, 2010**

Title:    Product Partners, LLC -v- Dana Alton, et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Joseph Remigio                            None Present
      Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                         None Present

**PROCEEDINGS (IN CHAMBERS):**      **RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION AGAINST DEFENDANT DANA ALTON [Dkts. #43, redacted; #54, unredacted]**

      **Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing set for November 8, 2010 at 1:30 p.m. is vacated and the matter is taken off calendar.**

**I.   RULING**

      The Court has received Plaintiff's Motion for Summary Judgment, or, in the Alternative, for Summary Adjudication Against Defendant Dana Alton (dkt. #43, redacted; #54, unredacted).  Defendant's opposition was due on October 11, 2010.  As of October 28, 2010, Defendant has not filed an opposition.

      **For reasons stated herein, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion, as follows:**

MINUTES FORM 90                         Initials of Deputy Clerk ___jre___
CIVIL - GEN

1) As to Plaintiff's first claim for Federal Trademark Infringement, 15 U.S.C. § 1114; Plaintiff's third claim for False Designation of Origin, 15 U.S.C. § 1125(a); and Plaintiff's fifth claim for Unfair Business Practices, Cal. Bus. & Prof. Code § 17200; the Motion is **DENIED**. Plaintiff has not produced sufficient evidence to establish that no issue of material fact exists with respect to likelihood of confusion.
2) As to Plaintiff's second claim for Federal Copyright Infringement, 17 U.S.C. § 501(a), the Motion is **GRANTED**. Plaintiff has produced sufficient evidence to establish that no issue of material fact exists with respect to copyright ownership or copying.
3) As to Plaintiff's fourth claim for Trademark Dilution, 15 U.S.C. § 1125(c), the Motion is **DENIED**. Plaintiff has not produced sufficient evidence to establish that no issue of material fact exists with respect to dilution of Plaintiff's marks.

## II. BACKGROUND

Plaintiff filed the Complaint on October 15, 2009 (dkt. #1), alleging the following causes of action: (1) Federal Trademark Infringement; (2) Federal Copyright Infringement; (3) False Designation of Origin; (4) Trademark Dilution; (5) Unfair Business Practices; (6) Declaratory Relief; (7) Accounting; and (8) Unjust Enrichment. According to Plaintiff, Defendant has, inter alia, unlawfully sold counterfeit "P90X brand" fitness products that infringe Plaintiff's trademarks and copyright. *See* Compl. ¶¶ 10-14, 17.

On September 10, 2010, Plaintiff filed the instant Motion for Summary Judgment, or, in the Alternative, for Summary Adjudication as to the following causes of action: (1) Federal Trademark Infringement; (2) Federal Copyright Infringement; (3) False Designation of Origin; (4) Trademark Dilution; and (5) Unfair Business Practices.

## III. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of establishing that no issues of material fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden, the burden shifts to the nonmoving party to set forth specific facts showing the existence of a

MINUTES FORM 90                              Initials of Deputy Clerk ___jre___
CIVIL - GEN

genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(e)(2).  On a motion for summary judgment, a court presumes the truth of the nonmoving party's evidence, and draws all justifiable inferences in the nonmoving party's favor. *Liberty Lobby*, 477 U.S. at 255.

**IV. ANALYSIS**

    **A) Federal Trademark Infringement, False Designation of Origin, Unfair Business Practices (First, Third, and Fifth Causes of Action)**

As to the first cause of action for Federal Trademark Infringement, Plaintiff's Motion is **DENIED**.  "Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999).

Plaintiff alleges that there is no genuine issue of material fact relating to Plaintiff's claim of trademark infringement because it is undisputed that: (1) Plaintiff owns the trademarks at issue; (2) Defendant has used Plaintiff's mark in commerce, without authorization, in connection with her sale of counterfeit versions of the P90X Extreme Home Fitness kit; and (3) Defendant's use is likely to cause confusion. Pl.'s Mot. 10-15; *see also* 15 U.S.C. § 1114(1).

Whether Defendant's use is likely to cause confusion is a genuine issue of material fact.  In the Ninth Circuit, the following factors guide the likelihood of confusion determination: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) marketing channels used; (5) evidence of actual confusion; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 342, 348-49 (9th Cir. 1979).  The factors are not applied mechanically, but rather "are intended to guide the court in assessing the basic question of likelihood of confusion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992).

Summary judgment on the likelihood of confusion issue should be "sparingly" granted because the issue "usually requires a full record." *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 902 (9th Cir. 2002).  Plaintiff has not presented sufficient evidence on the *Sleekcraft* factors to enable the court to find likelihood of confusion as a matter of law.

MINUTES FORM 90                              Initials of Deputy Clerk ___jre___
CIVIL - GEN

Because "[t]he test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion," *M2 Softward, Inc. V. Madacy Entm't Corp.*, 421 F.3d 1073, 1080 (9th Cir. 2005), Plaintiff's Motion is also **DENIED** with respect to the third cause of action for False Designation of Origin and the fifth cause of action for Unfair Business Practices.

**B)   Federal Copyright Infringement (Second Cause of Action)**

As to the second cause of action, Plaintiff's Motion is **GRANTED**. Plaintiff alleges that there is no genuine issue of material fact relating to Plaintiff's claim of copyright infringement because it is undisputed that: (1) Plaintiff owns the copyright at issue; and (2) Defendant copied elements of Plaintiff's copyrighted P90X Extreme Home Fitness kit that were original. Pl.'s Mot. 15-16; *see also Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

**Ownership**. Plaintiff has produced sufficient evidence that the copyright is valid and that Plaintiff owns the copyright. *See* Squellati Decl. ¶ 7 (dkts. #44, redacted; #55, unredacted); *see also* Req. Judicial Notice 2, Ex. I (dkt. #47).  Plaintiff has produced evidence of Plaintiff's copyright registration, and such registration constitutes prima facie evidence of copyright validity. 17 U.S.C. §410.  A party moving for summary judgment is entitled to the benefit of any presumptions that would be available at trial. Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 14:199 (The Rutter Group 2010) (*citing Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1254 (9th Cir. 1982)).  Defendant has failed to set forth contrary facts showing a genuine issue for trial as to copyright validity or ownership.

**Copying**. Plaintiff has produced sufficient evidence that Defendant copied elements of Plaintiff's copyrighted P90X Extreme Home Fitness kit that were original.  Plaintiff has produced evidence that Defendant purchased and distributed counterfeit versions of the P90X Extreme Home Fitness kits, posting images of the kits on eBay. *See* Johnson Decl. ¶¶ 2-5, Ex. A, Ex. B (dkt. #45); *see also* Chaney Decl., ¶7, Ex. A, Ex. B (dkt. #46).  Defendant has failed to rebut this evidence. *See* Def.'s Answer ¶ 18 (dkt. #19).  Plaintiff has additionally produced evidence that Defendant copied P90X files onto a CD and distributed no less than 268 burned CDs. *See* Johnson Decl. ¶ 7, Ex. E; *see also* Chaney Decl., ¶ 7, Ex. A, Ex. B.  Defendant has failed to set forth contrary facts showing a genuine issue for trial as to copying.

**C)   Trademark Dilution (Fourth Cause of Action)**

MINUTES FORM 90                              Initials of Deputy Clerk    jre
CIVIL - GEN

As to the fourth cause of action, Plaintiff's Motion is **DENIED**. Plaintiff alleges that there is no genuine issue of material fact relating to Plaintiff's claim of trademark dilution because it is undisputed that: (1) the P90X and Benchbody trademarks are famous; (2) Defendant is making a commercial use of the marks in commerce; (3) Defendant's use began after the marks became famous; and (4) Defendant's use of the marks dilutes their quality by diminishing their capacity to identify and distinguish goods and services. Pl.'s Mot. 17-18; *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998).

Plaintiff's Complaint alleges that Defendant's conduct is "likely to injure the business reputation of Plaintiff and its mark." Compl. ¶ 48. Plaintiff's Complaint also alleges that Defendant's use "has diluted and will continue to dilute and tarnish Plaintiff's name and mark, and is likely to detract from the distinctiveness of Plaintiff's mark." Compl. ¶ 50. However, Plaintiff has failed to produce evidence sufficient to establish that no material fact exists concerning these allegations.

**V.   REMEDIES**

In addition to the five causes of action raised in Plaintiff's Motion for Summary Judgment, Plaintiff's Complaint also includes the following causes of action: (6) Declaratory Relief; (7) Accounting; and (8) Unjust Enrichment. Compl. ¶¶ 62-73. Plaintiff's Complaint additionally seeks various forms of relief including, but not limited to, damages, injunctive relief, and attorney's fees and costs. Compl. ¶¶ A-P.

To the extent that Plaintiff seeks an order concerning remedies via summary judgment at this time, such relief would be denied. Plaintiff's Motion fails to present evidence sufficient to establish that no material fact exists as to the issue of remedies. Further, Plaintiff's Notice and Plaintiff's [Proposed] Judgment (dkt. #50) do not adequately address the issue.

**VI.  DOE DEFENDANTS**

Doe Defendants 1-10 are dismissed.

**IT IS SO ORDERED.**