UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 09-7506-VBF(CTx)**                             Dated: **December 14, 2010**

Title:    Product Partners, LLC -v- Dana Alton, et al.

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE

          Kendra Bradshaw                    Nichole Rhynard
          Courtroom Deputy                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

          Marcus F. Chaney                   None Present


**PROCEEDINGS:    BENCH TRIAL**

**I.  Bench Trial and OSC re Default Judgment**

     Case called for trial, which was set for 3:30 p.m., and counsel for Plaintiff Product Partners, LLC makes his appearance.  As of 3:55 p.m., Defendant Dana Alton has not made an appearance in Court or called the Court.  The Court finds that Defendant had notice of the trial date and time. *See* dkt. #68.  Plaintiff's counsel moves that the Court strike the Answer (dkt. #19) and enter default judgment against Defendant.

     For the reasons stated on the record, the Court strikes Defendant's Answer and enters default, based on her repeated failure to comply with this Court's rules and the Local Rules, primarily her failure to appear for trial.

     **The Court sets an OSC re Default Judgment on the appearance calendar for January 18, 2011, at 3:00 p.m.  Plaintiff shall file a Motion for Default Judgment on or before December 20, 2010.  Defendant shall file an Opposition, if any, on or before December 27, 2010.  Plaintiff shall file a Reply, if any, on or before January 3, 2011.**

**II. Background of Case**

     On October 15, 2009, Plaintiff Product Partners, LLC filed the Complaint (dkt. #1) against Dana Alton, who is proceeding in Pro Per,

                                           Initials of Deputy Clerk   kb
                              -1-                          :12  min

alleging that Defendant sells counterfeit versions of Plaintiff's copyrighted and trademarked "P90X Extreme Home Fitness Kit," a DVD set for personal weight loss and fitness.

On June 7, 2010, Defendant filed a Motion to Dismiss (dkt. #25). On June 28, 2010, the Court denied the motion (dkt. #27).

On September 8, 2010, Plaintiff filed a Motion for Summary Judgment on its claims of federal trademark infringement, copyright infringement, false designation of origin, trademark dilution, and unfair business practices (dkts. #32, 43, 54). On October 29, 2010, the Court denied summary judgment on Plaintiff's claims of federal trademark infringement, false designation of origin, unfair business practices, and trademark dilution; the Court granted summary judgment on Plaintiff's claim of federal copyright infringement, as to the issue of liability (dkt. #60).

On December 3, 2010, the Court contacted the Parties to inquire as to the status of the case, as no pretrial documents had been filed. The phone number on file for Defendant was no longer in service. Counsel for Plaintiff stated that the Parties intend to file a Dismissal. The Court set an OSC re Dismissal (dkt. #61) for December 6, 2010, at 1:30 p.m. The Court stated that if a dismissal was filed by December 6, 2010 at 12:00 p.m., all future dates, including the pretrial conference set for December 6, 2010 at 2:30 p.m., would be taken off calendar.

After the Court issued the minute order setting the OSC re Dismissal, the Parties filed Stipulation of Dismissal, Without Prejudice, of Certain Causes of Action in the Complaint (dkt. #62). The Parties stipulated to a dismissal of the following causes of action: first cause of action for federal trademark infringement in its entirety; third cause of action for false designation of origin in its entirety; fourth cause of action for trademark dilution in its entirety; fifth cause of action for unfair business practices in its entirety. The Court previously granted summary judgment in favor of Plaintiff on the third cause of action for copyright infringement (*see* dkt. #60). Three causes of action remained: declaratory relief; accounting; and unjust enrichment.

On December 6, 2010, the Court held a pretrial conference (dkt. #64). Both Parties appeared telephonically. Plaintiff stated that it would be going forth with the sixth cause of action for declaratory relief. Plaintiff also stated that it would seek remedies for the second cause of action of copyright infringement, on which the Court previously granted summary judgment in Plaintiff's favor (*see* dkt. #60). Plaintiff stated that it would not be going forth with the seventh cause of action for accounting or the eighth cause of action for unjust enrichment.

    The Court ordered that the issue of declaratory relief shall proceed before the Court, and the issue of remedies on the copyright cause of action shall proceed before the jury.  As the Parties had not filed any pretrial documents, the Court ordered that such documents be filed by December 9, 2010.  The Court CONTINUED the pretrial conference to December 13, 2010, at 2:00 p.m.

    On December 13, 2010, the Court held the pretrial conference.  The Parties waived a jury trial.  The Court ordered that the bench trial shall commence on December 14, 2010 at 3:30 p.m., and ordered the Parties to appear (dkt. #68).  The Court admonished counsel regarding failure to comply with this Court's Scheduling and Case Management Order, Federal Rule of Civil Procedure 26, and Local Rules 16-4, 16-5, and 16-6, concerning pretrial filings.

**III. Pretrial Filings**

    Pursuant to the Scheduling and Case Management Order, Federal Rule of Civil Procedure 26, and Local Rules 16-4, 16-5, and 16-6, the Parties were required to make the following filings in this case:

- Witness Lists: Due November 15, 2010; no such witness lists were filed by that date.
- Memoranda of Contentions of Fact and Law: Due November 15, 2010; no Memoranda were filed by that date.
- Joint Exhibit List: Due November 15, 2010; no exhibit list was filed by that date.
- Jury Instructions, Verdict Forms, and/or Special Interrogatories: Due November 29, 2010; no such forms were filed by that date.
- Final Pre-Trial Conference Order: Due November 29, 2010; no such Order was filed by that date.
- Joint Statement of the Case and Requests for Voir Dire: Due November 29, 2010; no such statements or requests were filed by that date.

    The Court ordered that the Parties make all above filings by December 9, 2010 (*see* dkt. #64).  On December 9, 2010, the Parties filed the following documents:

- Plaintiff filed memorandum of contentions of fact and law (dkt. #65).  Pursuant to L.R. 16-4, the memorandum included a summary of Plaintiff's claims, the elements of each claim, and a brief description of the key evidence in support of each claim.  The memorandum did not include any counterclaims or affirmative defenses.  The memorandum stated that Plaintiff seeks a bench trial, and Defendant does not intend to appear in person for the trial.  The memorandum further stated that the remaining triable issues in this case are: statutory damages payable by Defendant to Plaintiff

>   as the prevailing party on its second cause of action for copyright infringement, and declaratory relief in the form of a permanent injunction sought by Plaintiff against Defendant, preventing her future infringement of its P90X Extreme Home Fitness kits, and related copyrighted works. *See* dkt. #65 at 2.  Plaintiff also seeks attorneys' fees and costs. *See* dkt. #65 at 7-9.
- The Parties filed the joint exhibit list (dkt. #66).  Pursuant to L.R. 16-6, the Parties joined in filing the exhibit list, which included 39 exhibits in numerical order.  The Parties failed to state whether each exhibit would be presented by Plaintiff or Defendant, as required by L.R. 16-6 and this Court's Scheduling and Case Management Order.  The Parties also failed to prepare a Final Pretrial Exhibit Stipulation, as required by this Court's Scheduling and Case Management Order, containing objections, if any, to each exhibit, including the basis of the objection and the offering party's response.
- The Parties filed the witness list (dkt. #67).  The Parties stated that Plaintiff will only call one witness, Defendant Dana Alton, and Defendant has no witnesses.  The Parties failed to include a summary of each witness's expected testimony, an estimate of the length of time needed for direct examination, and whether the witness would testify by deposition or in person, as required by this Court's Scheduling and Case Management Order.

   The Parties failed to file the following documents, required by the Scheduling and Case Management Order, Federal Rule of Civil Procedure 26, and Local Rules 16-4, 16-5, and 16-6:

- Defendant failed to file memorandum of contentions of fact and law, as required by this Court's Scheduling and Case Management Order and L.R. 16-4.
- The Parties failed to file the Final Pretrial Conference Order, including the Status Report regarding settlement.  As L.R. 16-7 states, failure to file such Order may subject counsel to the sanctions provided by L.R. 83-7 and 28 U.S.C. § 1927.
- The Parties failed to file a joint statement of the case, as required by this Court's Scheduling and Case Management Order.

**IT IS SO ORDERED.**

Initials of Deputy Clerk   kb

-4-                                              :12  min